UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| FERNANDO GALLEGOS, | Case No. 3:15-cv-00254-RCJ-VPC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

This habeas matter comes before the court on respondents' motion to dismiss certain claims in petitioner Fernando Gallegos' counseled third-amended petition (ECF No. 43). Gallegos opposed (ECF No. 47), and respondents replied (ECF No. 51).

I. **Procedural History and Background**

On November 22, 2008, a jury convicted Gallegos of first-degree murder (exhibit 28).[1] A separate penalty hearing was then held before a jury, and Gallegos was sentenced to life in prison without the possibility of parole. Exh. 31. Judgment of conviction was entered on March 11, 2009. Exh. 34.

The Nevada Supreme Court affirmed Gallegos' conviction on September 28, 2010. Exh. 4.

On April 15, 2015, the Nevada Court of Appeals affirmed the denial of Gallegos' state postconviction petition. Exh. 8. Remittitur issued on May 11, 2015. Exh. 56.

---

[1] Exhibits 1-8 are exhibits to petitioner's first-amended petition, ECF No. 11, and are found at ECF No. 12. Exhibits 1-57 are exhibits to petitioner's second-amended petition, ECF No. 23, and are found at ECF Nos. 24-26, 28. Exhibits 58-169 are exhibits to respondents' first motion to dismiss, ECF No. 30, and are found at 31-34.

1

Gallegos dispatched his federal habeas petition for filing on or about May 10, 2015 (ECF No. 6). This court appointed the Federal Public Defender as counsel for Gallegos. Gallegos ultimately filed a counseled, third-amended petition on May 4, 2017 (ECF No. 42). Respondents now argue that some claims in the third-amended petition do not relate back to any timely-filed earlier petition and that some grounds are unexhausted or procedurally barred (ECF No. 43).

**II.     Legal Standards & Analysis**

    **a.  Relation Back**

Respondents argue that grounds 1 through 3 and parts of ground 4 of the third-amended petition do not relate back to a timely-filed petition and should thus be dismissed as untimely (ECF No. 43, pp. 7-11). A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be

timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the parties do not dispute that the claims in Gallegos' third-amended petition must relate back to his timely, original federal *pro se* petition in order to be deemed timely (ECF Nos. 43, 47).

**Ground 1**

Ground 1 alleges that the trial court's jury instructions on murder, first-degree murder, and felony murder violated Gallegos' Fourteenth Amendment due process and fair trial rights because they were misleading and failed to give effect to all elements necessary for conviction (ECF No. 42, pp. 15-21).

In his original *pro se* petition, Gallegos argues that his trial counsel was ineffective (IAC) for failing to object to the murder instructions that improperly instructed the jury on malice, premeditation and deliberation (ECF No. 6, pp. 19, 23). The new claim alleges trail court error, but the IAC claim is based on the same allegations of improper jury instructions on murder. The facts supporting the grounds are the same, and ground 1 relates back. *Mayle*, 545 U.S. at 659 and n.5; *Ha Van Nguyen*, 736 F.3d at 1297.

**Ground 2**

Gallegos contends that the jury sentencing proceedings violated his Fourteenth Amendment due process rights and Eighth Amendment right to be free from cruel and unusual punishment due to the accumulation of errors and discretionary abuses (ECF No. 42, pp. 21-28). (ECF No. 6, pp. 17, 25, 29)

Respondents break down the errors alleged in ground 2 as follows:

(a) allowing a jury to determine Gallegos' sentence;

(b) testimony that petitioner "stabbed his girlfriend in the leg numerous times with an icepick," and "stabbed a man in the chest and abdomen with a nail;"

(c) evidence of four arrests in 1982, 1983, and 1998 which all resulted in convictions for different related crimes;

(d) evidence of prior convictions for gross misdemeanors;

3

(e) evidence that petitioner punched a police officer in the throat when she attempted to handcuff him in 2005;

(f) testimony from an officer with the Repeat Offender Program (ROP) that petitioner was the "worst of the worst" of 700 targets in the ROP; and

(g) allowing the victim's sisters to recommend to the jury the sentence they thought should be imposed.

Respondents argue that certain subparts do not relate back to the original petition (ECF No. 43, pp. 9-10). This court has carefully reviewed the original petition and the third-amended petition and concludes that a fair reading indicates that the new claims rely on the same core facts as the timely filed claims and do not depend upon events separate in "both time and type" from the original facts alleged. *Mayle*, 545 U.S. at 657. Ground 2 relates back, and therefore, it is timely.

**Ground 3**

Gallegos claims that his appellate counsel rendered ineffective assistance in violation of his Sixth Amendment rights when counsel failed to argue that law enforcement violated Gallegos' Fifth Amendment right to remain silent by conducting a custodial interrogation of Gallegos without reading him his *Miranda* rights (ECF No. 42, pp. 28-30).

After Gallegos pointed out that in his original *pro se* petition, he argued that law enforcement violated his Fifth Amendment right to remain silent by conducting a custodial interrogation of Gallegos without reading him his *Miranda* rights (ECF No. 6, p. 11), respondents stated in their reply that they withdrew their argument that ground 3 is untimely.

**Ground 4**

Gallegos sets forth several claims of ineffective assistance of trial counsel in violation of his Sixth Amendment rights (ECF No. 42, pp. 30-34). He contends:

4(a): trial counsel failed to object to prosecutorial misconduct during closing arguments when the prosecutor misstated several aspects of the evidence;

4(b): trial counsel elicited prejudicial information from a prosecution witness about Gallegos' prior bad acts of physical and mental abuse;

4(c): trial counsel failed to investigate Antonio Barajas as the actual killer and to investigate the prosecution's witnesses (Hobbs, Taylor, Burgess, and Owens).

Respondents subsequently withdrew their arguments as to grounds 4(a) and 4(c) (ECF No. 51, p. 5). Gallegos acknowledged in his opposition that ground 4(b) does not relate back to the original petition (ECF No. 47, p. 10). Accordingly, ground 4(b) is the only subpart that is dismissed as untimely.

### b. Exhaustion and Procedural Default

#### i. Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the court so the State; or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review

proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge*

6

*v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### ii. Procedural Default

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to

7

exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

### iii. Technical Exhaustion and Procedural Default

Generally, following a holding that the petition contains unexhausted claims, the petition must be dismissed unless the petitioner either dismisses the unexhausted claims and/or obtains a stay to exhaust the claims. *See Rose*, 455 U.S. 509; *Rhines v. Weber*, 544 U.S. 269 (2005) (requirements for a stay); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (alternative stay procedure available under Ninth Circuit precedent).

Some habeas petitioners argue that their unexhausted claims would be deemed procedurally defaulted by Nevada state courts if they tried to return to state court to exhaust the claims. Thus, they ask this court to conclude that the claims are technically exhausted. A claim is technically exhausted if it is procedurally defaulted. *See, e.g., Nguyen v. Curry*, 736 F.3d 1287, 1292 (9th Cir. 2013). That does not signify, however, that a claim is technically exhausted merely because a procedural defense would be *raised* by the respondents if petitioner returned to state court to exhaust a claim. The record instead must reflect that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).

8

In federal habeas cases arising out of Nevada, the state courts, generally, apply substantially the same standards as do the federal courts in determining whether a petitioner can demonstrate either cause or actual innocence in order to overcome a claimed procedural default.[2]

In past cases, this court has rejected efforts by habeas petitioners to claim technical exhaustion by procedural default while at the same time arguing that they nonetheless can establish cause and prejudice or actual innocence to overcome that procedural default. If the petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the generally substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. If, however, the petitioner has no such potentially viable arguments, then the claim indeed is technically exhausted; but it also is subject to immediate dismissal with prejudice as procedurally defaulted.

Neither alternative involves a federal court consideration of cause-and-prejudice or actual-innocence arguments. In the first alternative, the claim remains unexhausted; and petitioner either must dismiss the unexhausted claim or obtain a stay to exhaust. In the second alternative, the concession that the petitioner has no viable arguments renders the claim technically exhausted but also renders the claim subject to immediate dismissal because there are no potentially viable cause-and-prejudice or actual-innocence arguments for the federal court to consider.

---

[2] Under state practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. Moreover, the Nevada state courts also recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

9

Accordingly, the court, generally, does not proceed to a cause-and-prejudice analysis as a matter of course following a holding that a claim is unexhausted.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence of or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. The Supreme Court of Nevada has declined to recognize cause under *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

Accordingly, a Nevada habeas petitioner who can rely upon *Martinez*, and only *Martinez*, as a basis for overcoming a state procedural bar on an unexhausted ineffective assistance of trial counsel claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

**Ground 3**

Respondents argue that ground 3 – Gallegos' claim that his appellate counsel rendered ineffective assistance in violation of his Sixth Amendment rights when counsel failed to argue that law enforcement violated Gallegos' Fifth Amendment right to remain silent by conducting a custodial interrogation of Gallegos without reading him his *Miranda* rights (ECF No. 42, pp. 28-30) – is unexhausted (ECF No. 43, p. 13). While Gallegos raised the underlying substantive *Miranda* claim in his state postconviction proceedings, he never presented the appellate counsel claim to the highest state court (*see* ECF No. 42, pp. 29-30). Ground 3 is unexhausted.

In his opposition to the motion to dismiss, Gallegos sets forth at length a general argument that any claims that are not exhausted at this point should be deemed technically exhausted/anticipatorily defaulted (ECF No. 47, pp. 11-18). Notably, he does not even argue that he can demonstrate cause and prejudice to overcome the procedural default of ground 3. Moreover, Gallegos notes in his opposition that in *Davila v. Davis*, the United States Supreme Court recently declined to expand the "narrow" *Martinez* exception to claims of ineffective assistance of appellate counsel. 137 S.Ct. 2058, 2065 (June 26, 2017). He thus acknowledges that he cannot demonstrate cause and prejudice under *Martinez* to overcome default of federal ground 3. Ground 3 is dismissed as procedurally barred.

**Ground 4**

Respondents argue that ground 4(c) is unexhausted (ECF No. 51, pp. 7-8). Gallegos exhausted the claim that his trial counsel was ineffective for failing to investigate Barajas as the murderer. *See* exhs. 5, 8. Gallegos maintains that ground 4(c) is exhausted in its entirety; however, the claims of failure to investigate other witnesses are unexhausted. Gallegos offers no argument regarding whether this claim would be likely to be procedurally barred were he to return to state court or whether he might have a viable cause and prejudice argument pursuant to *Martinez*. Accordingly, at this time this court shall only conclude that this portion of ground(c) is unexhausted.

**Ground 1**

Finally, respondents inexplicably argue that ground 1 is procedurally defaulted (ECF No. 43, p. 14). As set forth above, ground 1 alleges that the trial court's jury instructions on murder, first-degree murder, and felony murder violated Gallegos' Fourteenth Amendment due process and fair trial rights because they were misleading and failed to give effect to all elements necessary for conviction (ECF No. 42, pp. 15-21). Gallegos presented this claim on direct appeal to the Nevada Supreme Court, which denied the claim on its merits. Exhs. 1, 4. Ground 1 is not procedurally barred from federal review.

### III. Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that the portion of ground 4(c) that claims ineffective assistance of trial counsel for failing to investigate prosecution witnesses Hobbs, Taylor, Burgess, and Owens is unexhausted. Ground 3 is dismissed as procedurally barred and ground 4(b) is dismissed as untimely. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

>   1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
>   2.   He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
>   3.   He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### IV.  Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 43) is **GRANTED** in part as follows:

The portion of ground 4(c) that claims ineffective assistance of trial counsel for failing to investigate prosecution witnesses Hobbs, Taylor, Burgess, and Owens is **UNEXHAUSTED**.

Grounds 3, and 4(b) are **DISMISSED** as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and

13

abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 9 February 2018.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE