UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FERNANDO GALLEGOS,

Petitioner

v.

ISIDRO BACA, et al.,

Respondents

Case No.: 3:15-cv-00254-RCJ-CBC

**ORDER**

On February 9, 2018, the court granted respondents' motion to dismiss this 28 U.S.C. § 2254 habeas corpus petition in part (ECF No. 55). The court dismissed grounds 3 and 4(b) and concluded that ground 4(c) was unexhausted. Petitioner Fernando Gallegos has filed a motion for reconsideration, which respondents opposed (ECF Nos. 56, 58). As discussed below, the motion for reconsideration is denied.

A federal district court has the inherent authority to reconsider an interlocutory order. *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001); Fed. R. Civ. P. 59; Local Rule 59-1(a). Reconsideration of prior court rulings is generally reserved for instances in which the court changes its position (1) based on the discovery of new evidence; (2) due to a subsequent change in the law; or (3) to correct a clear legal error. *See McDowell v. Calderon*, 197 F.3d 1253, 1255-56 (9th Cir. 1999); Local Rule 59-1(a).

**Ground 3**

Gallegos claimed that his appellate counsel rendered ineffective assistance in violation of his Sixth Amendment rights when counsel failed to argue that law enforcement violated Gallegos' Fifth Amendment right to remain silent by conducting a custodial interrogation of Gallegos without reading him his Miranda rights (ECF No. 42, pp. 28-30). Contrary to Gallegos' assertion in his motion for reconsideration, he does state in his third-amended petition that he did not present this claim to the highest state court (*see* ECF No. 42, pp. 29-30). In that petition, Gallegos urged that he would be able to overcome procedural default of federal ground 3 pursuant to *Martinez v. Ryan* 566 U.S. 1 (2012). However, Gallegos later acknowledged in his opposition to the motion to dismiss that the subsequent United States Supreme Court decision in *Davila v. Davis* declined to expand the "narrow" *Martinez* exception to claims of ineffective assistance of appellate counsel. 137 S.Ct. 2058, 2065 (June 26, 2017). *Martinez* cannot provide a basis to overcome default of federal ground 3. Gallegos's motion fails to demonstrate a clear legal error and is not based on the discovery of new evidence or a subsequent change in the law. *See McDowell*, 197 F.3d at 1255-56. The court denies reconsideration of federal ground 3.

**Ground 4 (c)**

The court concluded that the portion of ground 4(c) that claims that trial counsel was ineffective for failing to investigate the prosecution's witnesses (Hobbs, Taylor, Burgess, and Owens) was unexhausted. Gallegos now re-argues that this ground is exhausted. The state-court record shows that this ground is not exhausted, however. *See*, exh. 5.[1] Gallegos then informs the court that, if it is still of the view that the ground is unexhausted, he wishes the court to dismiss the claim with prejudice (ECF No. 56, p. 8). Accordingly, in the interests of judicial

---
[1] ECF No. 12-5.

2

efficiency, the court grants reconsideration of ground 4(c). Ground 4(c) is dismissed with prejudice.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration of the court's order on motion to dismiss (ECF No. 56) is **GRANTED** in part and **DENIED** in part as follows:

Ground 4(c) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that respondents have **45 days** from the date of this order to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner has **30 days** following service of respondents' answer in which to file a reply.

Dated: February 26, 2019

_____
Robert C. Jones
United States District Judge